IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Leslie W. Outen, | ) | C/A No.: 3:13-3563-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Carrabba's Italian Grill, LLC, and Jonathan Gajadhar, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

In this employment discrimination case, Leslie W. Outen ("Plaintiff") is suing her former employer Carrabba's Italian Grill, Inc. ("Carrabba's"), and Jonathan Gajadhar ("Gajadhar"), a Carrabba's manager. Plaintiff alleges discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), as well as a state law assault and battery claim.

This matter comes before the court on the partial motion to dismiss filed by Gajadhar on January 28, 2014. [Entry #14]. Gajadhar seeks dismissal of Plaintiff's Title VII discrimination and retaliation claims against him in his individual capacity. *Id.* Plaintiff's deadline to respond to the motion was February 14, 2014; however, Plaintiff has filed no response. Consequently, the undersigned concludes that Plaintiff does not oppose the partial motion to dismiss.

Independently, Gajadhar's motion appears justified on its merits. Title VII prohibits discrimination by employers. *See* 42 U.S.C § 2000e–2. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or

more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). In construing the definition of "employer" under Title VII, it is well-established that Title VII does not impose individual liability on supervisory employees. *See Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (holding that supervisors cannot be found liable in their individual capacity under Title VII because they do not fit within the definition of an employer). Plaintiff alleges that Gajadhar was her manager and immediate supervisor (Compl. ¶¶ 14, 18), but she does not assert that he was her employer within the definition under Title VII. Thus, Plaintiff's Title VII claims against Gajadhar are subject to dismissal.

For the foregoing reasons, the undersigned recommends that Gajadhar's partial motion to dismiss [Entry #14] be granted and that Plaintiff's Title VII claims of discrimination and retaliation be dismissed only as to Gajadhar.

IT IS SO RECOMMENDED.

March 24, 2014  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).